**Victor Hugo Garcia PANTOJA, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 13–73503.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 20, 2016.*

Filed Jan. 25, 2016.

Victor Hugo Garcia Pantoja, Pacoima, CA, pro se.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument.

Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, Oil, Ann Carroll Varnon, Esquire, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and NGUYEN, Circuit Judges.

## MEMORANDUM **

Victor Hugo Garcia Pantoja, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") denial of a continuance. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion for a continuance and review de novo constitutional claims. *Sandoval–Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir.2008). We deny the petition for review.

The agency did not abuse its discretion or violate Garcia Pantoja's due process rights by denying a continuance, where Garcia Pantoja failed to establish eligibility for any relief from removal. *See id.* at 1247 (no abuse of discretion in denying a motion for a continuance where the relief sought was not available to petitioner); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (to prevail on a due process challenge, an alien must show error and prejudice).

Contrary to Garcia Pantoja's contention, the BIA provided sufficient reasoning and detail in affirming the IJ's denial of a continuance. *See Najmabadi v. Holder,*

See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

597 F.3d 983, 990 (9th Cir.2010) ("What is required is merely that [the BIA] consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (citation and quotation marks omitted)).

**PETITION FOR REVIEW DENIED.**